Filed 12/10/14  P. v. Lopez CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F067054 |
| v. | (Super. Ct. No. BF142980A) |
| ROBERTO GARCIA LOPEZ, | **O P I N I O N** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Monique Q. Boldin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Gomes, Acting P.J., Franson, J., and Peña, J.

Defendant Roberto Garcia Lopez contends the trial court erred in imposing restitution fines based on a version of statutes that were not in effect at the time he committed the crime. Based on a subsequent act by the trial court, we conclude the issue is moot.

On January 17, 2013, defendant was charged with various crimes based on acts he committed on June 30, 2012. He pled no contest to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)).[1] The trial court sentenced him to the stipulated term of two years and ordered him to pay $280 restitution fines pursuant to sections 1202.4 and 1202.45.

Defendant contends the versions of sections 1202.4 and 1202.45 in effect on June 30, 2012, allowed imposition of $240 restitution fines, not $280 restitution fines. After the briefing was completed, the trial judge in this case communicated with appellate counsel, informing her that the error had already been corrected on November 7, 2013. On March 6, 2014, this court received a copy of the judge's communication; a minute order stating that the April 9, 2013 minute order had been amended on November 7, 2013; and an amended abstract of judgment filed on March 3, 2014. These documents reflect that the restitution fines were changed to $240.

The amended abstract of judgment reflects these changes and moots the issue on appeal. We observe, however, that the amended abstract incorrectly records the conviction date as March 12, 2014, rather than March 12, 2013.

## DISPOSITION

The trial court is directed to amend the abstract of judgment (filed on March 3, 2014) to reflect a conviction date of March 12, 2013. As so modified, the judgment is affirmed.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2.